# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYANNE TULLIUS and JAKE TULLIUS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-10-272-M ) |
| METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY doing business as METLIFE AUTO AND HOME, and CSC (f/k/a COMPUTER SCIENCES CORPORATION), | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant's, Computer Sciences Corporation ("CSC"), Motion to Dismiss, filed April 20, 2010. On May 25, 2010, plaintiffs filed their response, and on June 1, 2010, Defendant CSC filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

This case arises out of a motor vehicle accident occurring on July 31, 2008. Plaintiff, Mary Anne Tullius, was riding her bicycle when she was struck and injured by an underinsured driver. Plaintiffs purchased an automobile insurance policy with MetLife that provided uninsured/underinsured motorist coverage. Pursuant to that policy, plaintiffs filed a claim with MetLife for damages suffered as a result of the accident. MetLife utilized a software program, Colossus, in evaluating and offering a settlement to plaintiffs. Defendant CSC is the owner and licensor of Colossus. Plaintiffs assert claims of civil conspiracy, fraud, constructive fraud, and interference with contract against Defendant CSC.

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant CSC moves to dismiss Plaintiffs' Amended Petition in its entirety. Specifically, Defendant CSC asserts the complaint is comprised of bare allegations and conclusory statements which fail to meet the federal pleading standards. Defendant CSC asserts the complaint fails to plead facts that would make plaintiffs' right to recovery plausible.

II.     Standard of Review

A complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff must set forth more than conclusory allegations or a "formulaic recitation of elements of a cause of action." *Id.* Pleadings must cross the line between possibility and plausibility, and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Beyond the general federal pleading standard set forth in *Iqbal*, the plaintiff must also comply with Rule 9(b) and the heightened pleading standard for fraud. Dismissal of a claim for failure to meet the particularity requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Seattle-First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir. 1986). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* at 1010 n.1.

The primary purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claim and of the factual ground upon which it is based. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006). Claims of fraudulent misrepresentations or omissions require specific inquiries into the conduct of each individual defendant, not blanket allegations. *See Koch v. Koch Indus.*, 203 F.3d 1202, 1237 (10th Cir. 2000).

III. Plaintiffs' Allegations of Fraud and Constructive Fraud Fail to Meet Heightened Pleading Standards.

To survive a motion to dismiss, a plaintiff, who is asserting a fraud claim, must plead: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false at the time it was made; (3) the representation was made with the intention that the plaintiff act upon it; and (4) the plaintiff acted in reliance upon the representation and suffered harm. *Silk v. Phillips Petrol. Co.*, 760 P.2d 174, 176-77 (Okla. 1988). Reviewing plaintiffs' Complaint, the Court finds plaintiffs have failed to set forth any material representations uttered by Defendant CSC. Further, the Complaint fails to allege any specific interaction between plaintiffs and Defendant CSC, much less any representation alleged with specificity. The Complaint fails to describe individuals with whom plaintiffs dealt, the content of any representations made by Defendant CSC, and the precise place of any representation.

Similar to the plaintiffs in *Koch*, the Complaint makes broad allegations of fraud and alludes to the *defendants*' scheme to conceal and underestimate the true value of claims. The Complaint lacks specific allegations directed towards individual defendants, and, thus, the Court finds plaintiffs' fraud claim fails to meet the requirements under Federal Rule of Civil Procedure 9(b).

The Court finds plaintiffs' claim for constructive fraud also fails to meet the particularity requirements of Rule 9(b). Constructive fraud requires the breach of a legal or equitable duty. *See Patel v. OMH Med. Ctr., Inc.,* 987 P.2d 1185, 1199 (Okla. 1999); *see also Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008). Establishing a claim for constructive fraud also requires pleading special circumstances giving rise to a duty to disclose. *See Roberts Ranch Co. v. Exxon Corp.*, 43 F. Supp. 2d 1252, 1259 (W.D. Okla. 1997).

While the Complaint pleads a special relationship that gave rise to a duty to disclose between plaintiffs and Defendant MetLife, the Complaint fails to plead any facts creating a special relationship between Defendant CSC and plaintiffs. In response, plaintiffs allege Defendant CSC made affirmative representations and was thus bound to "say nothing or to tell the whole truth." *Berry v. Stevens,* 31 P.2d 950, 955 (Okla. 1934). However, as previously discussed, the Complaint fails to set forth any representations made by Defendant CSC to plaintiffs. Therefore, because plaintiffs have not alleged that Defendant CSC spoke or made any affirmative representations to plaintiffs, the Court determines that the Complaint does not support a finding that Defendant CSC was bound to tell the whole truth and had a special

relationship with plaintiffs. For these reasons, the Court finds plaintiffs fail to state a claim of constructive fraud.

IV.     Plaintiffs State Plausible Claims for Relief for Interference with Contract and Conspiracy.

To sustain a claim for interference with contract, the plaintiff must plead: (1) the existence of a business or contractual right; (2) the interference was malicious and wrongful; (3) the interference was not justified, privileged, or excusable; and (4) the interference proximately caused damage. *Wilspec Techs., Inc. v. DunAn Holding Grp. Co.,* 204 P.3d 69, 74 (Okla. 2009). Having carefully reviewed plaintiffs' Compliant, the Court finds the Complaint sets forth sufficient facts to put Defendant CSC on notice of their claim of interference with contract and contains adequate allegations of the requisite elements. Plaintiffs' allegations, taken as true, state a claim for interference with contract that the Court finds is plausible on its face.

Defendant CSC contends that plaintiffs fail to allege CSC possessed malicious intent to interfere with the contract between plaintiffs and MetLife. Specifically, Defendant CSC claims because it lacked specific knowledge of the contract between MetLife and plaintiffs, it could not possess malicious intent to interfere with such contract. While plaintiffs may not have alleged that Defendant CSC possessed specific knowledge of the contract between plaintiffs and MetLife, the Court finds it is clear that Defendant CSC's knowledge of the general business enterprise of MetLife would lead a reasonable person to believe in the existence of numerous insurance contracts similar to plaintiffs'.

Further, in their Complaint, plaintiffs set forth facts, specifically Defendant CSC's manipulation and instructions regarding paying less than the true value of claims, to support an allegation of wrongful intent. Plaintiffs also allege that Defendant CSC encouraged or induced

5

MetLife to breach its contract with plaintiffs. The Court finds these allegations are sufficient to plead malicious and wrongful intent on the part of Defendant CSC. The Complaint also includes statements about the general nature of Colossus and the purpose for which it was developed. Specifically, plaintiffs allege Defendant CSC developed Colossus to influence the market of personal injury claims downward. Plaintiffs' Complaint outlines business purposes that are not justified, privileged, or excusable, and which lack a legitimate economic interest. Therefore, the Court finds plaintiffs sufficiently allege a claim for interference with contract.

To plead civil conspiracy under Oklahoma law, plaintiffs must allege fats establishing "a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *See Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1998); *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). A claim of civil conspiracy is not an independent, actionable claim; there must be an underlying tortious act. *Beck v. Prupis*, 529 U.S. 494, 501 (2000). Defendant CSC asserts that because plaintiffs fail to sufficiently plead any of the underlying tort claims, the claim for conspiracy must also fail. Because the Court finds that plaintiffs sufficiently plead interference with contract, an unlawful act, the Court finds the conspiracy claim may proceed.

Defendant CSC also contends that plaintiffs' conspiracy claim is inherently implausible and any factual allegations are unconnected to Defendant CSC. As proof of the Complaint's implausibility, Defendant CSC points to plaintiffs' failure to allege the specific time, place, date, and person involved in the alleged conspiracy. While Defendant CSC would prefer a more detailed, specific pleading, civil conspiracy is not subject to the heightened pleading requirement of Rule 9(b). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that

6

actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (internal citations omitted).

Plaintiffs' allegations of civil conspiracy walk a precarious line between improbable and implausible; however, the Court finds the Complaint gives Defendant CSC fair notice of the basis of the conspiracy claim. Specifically, plaintiffs allege that Defendant CSC and its insurance customers conspired to influence the market value of bodily injury claims downward through the use of Colossus. Plaintiffs point to deficiencies within the software itself, procedures and policies designed to reduce claim value, and use of other potentially misleading information as acts committed by Defendant CSC in furtherance of the conspiracy. Defendant CSC contends that these allegations amount to nothing more than a legal business enterprise. While Defendant CSC's explanation may be more probable; the Court finds the Complaint permits an inference of an unlawful agreement between Defendant CSC and MetLife to use Colossus to pay less than the true value of bodily injury claims. If these facts set forth by plaintiffs are proven, the Court finds they set forth, albeit barely, a basis for relief. For these reasons, the Court finds the Complaint sufficiently states a claim for civil conspiracy.

V. Conclusion

Therefore, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant CSC's Motion to Dismiss Plaintiffs' Amended Petition [docket no. 16] as follows: (A) the Court DENIES the motion to dismiss as to plaintiffs' interference with contract and civil conspiracy claims, and (B) the Court GRANTS the motion to dismiss as to plaintiffs' fraud and constructive fraud claims. However, the Court grants plaintiffs leave to file an

amended complaint to cure the above-referenced deficiencies. Said amended complaint shall be filed within 14 days of the date of this order.

    **IT IS SO ORDERED this 17th day of August, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE