# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARYANNE TULLIUS and <br> JAKE TULLIUS, <br><br> Plaintiffs, <br><br> vs. <br><br> METROPOLITAN PROPERTY & <br> CASUALTY INSURANCE COMPANY, <br> doing business as METLIFE AUTO AND <br> HOME, and CSC (f/k/a COMPUTER <br> SCIENCES CORPORATION), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-10-272-M |

## ORDER

Before the Court is defendant CSC's Motion to Dismiss Counts IV and V of Plaintiffs' Amended Complaint, filed September 14, 2010. On October 5, 2010, plaintiffs filed their response, and on October 12, 2010, defendant CSC filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case arises out of a motor vehicle accident occurring on July 31, 2008. Plaintiff, MaryAnne Tullius, was riding her bicycle when she was struck and injured by an underinsured driver. Plaintiffs purchased an automobile insurance policy with defendant Metropolitan Property & Casualty Insurance Company ("MetLife") that provided uninsured/underinsured motorist coverage. Pursuant to that policy, plaintiffs filed a claim with defendant MetLife for damages suffered as a result of the accident. Defendant MetLife utilized a software program, Colossus, in evaluating and offering a settlement to plaintiffs. Defendant CSC is the owner and licensor of Colossus. In their Amended Complaint, plaintiffs assert claims of civil conspiracy (Count I), fraud (Count IV), constructive fraud (Count V), and interference with contract (Count VI) against

defendant CSC. Pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, defendant CSC moves to dismiss Counts IV and V of plaintiffs' Amended Complaint.

Rule 9(b) provides, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud . . . and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotations and citations omitted). Further,

> Rule 9(b) does not . . . require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means . . . that individual plaintiffs should identify particular defendants with whom they dealt directly . . . ; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them - and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them – and how.

*Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

Having carefully reviewed the Amended Complaint, as well as the parties' submissions, the Court finds that plaintiffs' claims of fraud and constructive fraud set forth in their Amended Complaint fail to satisfy Rule 9(b)'s particularity requirements. While arguably plaintiffs' Amended Complaint contains in general the what of the false representations and very generally who made the alleged misrepresentations, the Amended Complaint does not contain either the when, where, or how of the alleged fraudulent representations. Nowhere in the Amended Complaint is there any detail regarding the time and place of the alleged false representations or the manner in which said

representations were made. The Court, therefore, finds that plaintiffs' fraud and constructive fraud claims should be dismissed.

Accordingly, the Court GRANTS defendant CSC's Motion to Dismiss Counts IV and V of Plaintiffs' Amended Complaint [docket no. 27] and DISMISSES Counts IV and V of plaintiffs' Amended Complaint.

**IT IS SO ORDERED this 20th day of October, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE